**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THERESA BRADBURY,

                Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

                Defendant - Appellee.

No. 13-36154

D.C. No. 3:13-cv-05146-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted January 15, 2015[**]

Before:    THOMAS, Chief Judge, D.W. NELSON, and LEAVY, Circuit Judges.

Theresa Bradbury appeals the district court's judgment affirming the

Commissioner of Social Security's decision denying her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

Bradbury contends that her credible testimony about her functional limitations establishes that she cannot work. This contention is unpersuasive because the administrative law judge ("ALJ") provided specific, clear, and convincing reasons supporting the adverse credibility finding. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (discussing factors considered in evaluating credibility).

Bradbury also contends that the ALJ did not properly evaluate the medical opinions of the consulting medical examiners when determining Bradbury's residual functional capacity. The ALJ provided a reasonable and sufficient rationale in evaluating the medical opinions and determining that Bradbury can perform light unskilled and some semi-skilled work despite her impairments. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (stating that this court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation).

**AFFIRMED.**